# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| JEFFERY A. BROUSSARD | * | CIVIL ACTION NO. 19-0294 |
| vs. | * | JUDGE TERRY A. DOUGHTY |
| DARRELL VANNOY | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Pro se Petitioner Jeffery A. Broussard, an inmate incarcerated at Louisiana State Penitentiary, Camp D Hawk 3/L/#7, Angola, LA 70712, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 20, 2019. [doc. # 1]. Broussard attacks his armed robbery convictions, his conspiracy to commit armed robbery convictions, and the resulting sentences imposed by the Fourth Judicial District Court, Morehouse Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons, it is recommended that the Petition be dismissed.

## Background

On June 26, 2013, Petitioner was convicted by a jury of four counts of armed robbery and four counts of conspiracy to commit armed robbery. [doc. #1, p. 1]. On September 5, 2013, Petitioner was sentenced to 40 years at hard labor without the benefit of parole, probation, or suspension of sentence for the armed robbery convictions and 20 years at hard labor without the benefit of parole, probation, or suspension of sentence for the conspiracy convictions. *State v. Broussard*, 49, 240, p. 8 (La. App. 2 Cir. 10/1/14); 149 So.3d 446, 453.

Petitioner appealed his convictions and sentences to the Louisiana Second Circuit Court of Appeal. He put forth four claims for relief: (1) the evidence against him was insufficient to sustain his convictions; (2) the district court and jury erred, as a matter of law, in failing to find that his conduct was justifiable; (3) his armed robbery convictions and conspiracy to commit armed robbery convictions amounted to double jeopardy; and (4) the trial judge imposed excessive sentences. [doc. #1, p.2]. On October 1, 2014, the Court of Appeal for the Second Circuit of Louisiana upheld all four convictions for armed robbery but found that the evidence was sufficient to support only two convictions for conspiracy to commit armed robbery and thereby vacated the other two convictions for conspiracy. *Broussard*, 149 So.3d at 462.

On January 15, 2016, the Supreme Court of Louisiana denied the plaintiff's writ of certiorari. *State v. Broussard*, 2014-2308 (La. 1/15/16); 184 So. 3d 702. Petitioner did not seek a writ of certiorari to the United States Supreme Court. [doc. #1, p.3].

Petitioner maintains that he moved the trial court for copies of letters that he wrote to his trial counsel, medical records, and court transcripts to "perfect" an application for post-conviction relief. [doc. #s 1, p. 14; 1-2, p. 2; 1-3, pp. 30-86; 1-4, pp. 2-31, 34, 48-56, 68- 71]. The trial judge denied Petitioner's requests, noting that Petitioner did not offer to pay for copies and did not otherwise demonstrate a "particularized need." [doc. #s 1-3, p. 96; 1-4, p. 32]. Petitioner appealed the trial judge's denials on July 8, 2016. [doc. #s 1-4, pp. 39-46, 58-62, 66]. On September 26, 2016, Petitioner also filed an application for writ of mandamus, asking the appellate court to order the trial court to disclose the requested documents. [doc. #s 1-4, pp. 43- 2 46; 1-6, pp. 70-79].

On December 2, 2016, the appellate court denied Petitioner's application for writ of mandamus. [doc. # 1-4, p. 85].

On approximately December 30, 2016, Petitioner filed an application for post-conviction relief before the trial court, arguing: (1) his trial counsel rendered ineffective assistance; (2) he was maliciously prosecuted; and (3) he was the victim of judicial misconduct. [doc. #s 1-8, pp. 65, 70-99; 1-9, pp. 1-64]. Subsequently, Petitioner filed a supplemental brief and a motion to transfer his proceeding to the United States Attorney General's Office. On approximately January 20, 2017, the trial court denied Petitioner's application. [doc. # 1, p. 6].

On September 20, 2017, the Louisiana Second Circuit Court of Appeal: (i) granted Petitioner's writ application in part; (ii) remanded the proceeding to the trial court "solely for the purpose of . . . ruling on the merits" of Petitioner's supplemental application for post-conviction relief and motion to transfer the proceeding to the United States Attorney General's Office; and (iii) denied the application "in all other respects . . . ." [doc. # 1-3, p. 16]. On October 30, 2017, the appellate court denied Petitioner's application for rehearing. Id. at 19. On November 2, 2017, the appellate court denied Petitioner's application for "supervisory review of the trial court's denial of his motion for production of documents." [doc. # 1-6, p. 82].

On November 5, 2018, the Supreme Court of Louisiana denied Petitioner's application for supervisory and/or remedial writs. *State ex rel. Broussard v. State*, 2017-1884 (La. 11/5/18), 255 So. 3d 1039. Petitioner maintains that he received the denial on January 3, 2019. [doc. # 1, pp. 7, 10].

On February 20, 2019, Petitioner signed and filed the instant petition. [doc. #1, p. 15]. On July 12, 2019, the State filed its response. [doc. #19]. On August 23, 2019, Broussard filed his response. [doc. #23]. Thus, briefing is complete and the matter is ripe.

**Law and Analysis**

Federal law requires state prisoners to file their applications for a writ of habeas corpus within one year from the date on which their state judgments become final at the conclusion of the direct appellate process. *See* 28 U.S.C. § 2244(d)(1)(A).

In the present case, Petitioner's conviction became final on April 14, 2016. Thus, absent a basis for tolling, the deadline to bring his claim was April 14, 2017. Petitioner did not file the instant suit until February 20, 2019. Thus, Petitioner's claims are barred by the one-year limitation period unless Petitioner extended the February 20, 2019, deadline through statutory or equitable tolling.

## I.      **Statutory Tolling**

The time during which a properly filed application for State post-conviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2). Still, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998). The limitations period is tolled only for as long as the state application remains pending. *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007). Missing the statutory deadline by only a few days is not a proper consideration for a court to consider in determining the timeliness of a federal habeas application. *See Mark v. Vannoy*, 2018 WL 7288533, at *7 (E.D. La. Aug. 10, 2018)(missing the AEDPA deadline by two days rendered the federal petition untimely); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002)(missing the AEDPA deadline by four days rendered the federal petition untimely). The 5th Circuit has emphasized that such rigidity is necessary for parties to navigate AEDPA and that laxity in any situation would make administration of AEDPA impossible. *Lookingbill*, 293 F.3d at 265.

Petitioner filed an application for state post-conviction relief on December 30, 2016, tolling the period. When Petitioner filed his application for state post-conviction relief on December 30, 2016,

260 days had elapsed since April 15, 2016. The exhaustion of his potential state-court remedies occurred on November 5, 2018. On that day, he had 105 more days to file. However, because the final day Petitioner could timely file his complaint—February 18, 2019—fell on the President's Day Holiday, Petitioner had until February 19, 2019, to file his complaint. Petitioner signed his petition for habeas relief on February 20, 2019, one day late. Thus, the petition was not timely filed and should be dismissed absent rare and exceptional circumstances.

## II.    Equitable Tolling

The one-year statute of limitations can be equitably tolled in rare and exceptional circumstances. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *U.S. v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). A Petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the Petitioner's own making do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). To be entitled to equitable tolling, Petitioner must show (1) he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007)(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner does not ask the court to equitably toll the one-year period of limitation. But he does allege that that the trial court's refusal to provide him with a copy of his trial and sentencing transcripts excuses his failure to timely file [doc. #1, p. 14]. Nonetheless, a state court's delay in furnishing the petitioner with a transcript does not establish a basis for equitable tolling. See *Brown v. Cain*, 112 F.Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000)(holding transcript unnecessary to prepare habeas petition); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir.

2001)(holding possession of a transcript is not required to commence habeas proceedings); *Lloyd v. Van Natta*, 296 F.3d 630, 633-34 (7th Cir. 2002)(finding that a state's refusal to provide the Petitioner with a complete transcript did not justify equitable tolling).

In addition, the trial court first denied Petitioner's request for the transcripts on February 3, 2016. [doc. #1-3, p. 96]. He then proceeded to file a second request for the transcripts, which was denied on April 4, 2016. [doc. #1-4, p. 32]. Notably, both requests occurred prior to his criminal conviction coming final pursuant to § 2244(d) on April 15, 2016. Thus, even assuming this presented extraordinary circumstances, Petitioner did not diligently pursue his rights because he waited over eight months between the second denial of his request for the transcripts to file an application for state post-conviction relief.

Moreover, Petitioner alleges that he did not receive the Louisiana Supreme Court's denial of his writ of certiorari for post-conviction relief until January 3, 2019. [doc. #1, p. 7]. In the interest of completeness, the court will consider whether this provides a basis for equitable tolling. The Fifth Circuit has indicated that equitable tolling is not warranted where Petitioner waited more than one month after receiving notice of the denial of state post-conviction relief to file a § 2254 petition. *Simmons v. Johnson*, No.98-21054, 210 F.3d 368, 2000 WL 293959 (5th Cir. 2000)(unpublished). Also, a single, self-serving notation stating when the Petitioner received notice does not constitute competent evidence to satisfy the high standard of proof needed for equitable tolling to apply. *Maduro v. Cain*, 2008 WL 2731741, at *3 (E.D. La. Jul. 10, 2008).

In the present case, Petitioner has failed to provide any evidence, except for a self-serving notation in his petition, that he did not receive notice of the Louisiana Supreme Court's denial of his writ until January 3, 2019. And, even if that is true, he still exceeded the one-month limit outlined by the Fifth Circuit. Petitioner waited 48 days—over one-and-a-half months—to file his

petition. Accordingly, Petitioner's allegation that he did not receive notice of the Louisiana Supreme Court's denial of his writ of certiorari does not provide a basis for equitable tolling.

Because there is no basis for equitable tolling, this petition is time-barred under 28 U.S.C. §2244(d)(1)(A).

### Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the petition for habeas corpus filed by Petitioner Jeffery Broussard [doc. # 1] be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of

appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 28th day of August, 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE